UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Francisca G., <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; <br><br> Respondents. | File No. 26-CV-615 (JMB/JFD) <br><br><br><br> ORDER |

Taylor Jon Volkman, I, Taylor Volkman, Esq., Minneapolis, MN, for Francisca G.

David W. Fuller and Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

This matter is before the Court on Petitioner Francisca G.'s[1] Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood (together, "Respondents") are named in the Petition. For the reasons explained below, the Court grants the Petition.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

## FINDINGS OF FACT[2]

1. Francisca G. is a citizen of Mexico who has lived in the United States since November 2007. (Pet. ¶ 1.)

2. Francisca G. has no criminal record other than a parking infraction. (*Id.* ¶ 15.)

3. Respondents detained Francisca G. on January 22, 2026. (*Id.* ¶ 16.)

4. Respondents did not have a warrant for her arrest. (*Id.* ¶ 18.)

5. On January 23, 2026, Francisca G. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.) Francisca G. seeks immediate release or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a). (*See, e.g.*, *id.* at 16.)

6. On January 23, 2026, Respondents transferred Francisca G. to an ICE facility in Texas.[3] (Doc. No. 5 at 2.)

## DISCUSSION

Respondents generally oppose Francisca G.'s Petition, explaining that the Petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided" and that Respondents have appealed one such petition (*see Avila v. Bondi*, No.

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted. *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

[3] As a threshold issue, the Court finds that the physical transfer of Francisca G. to Texas after the initiation of this proceeding did not deprive this Court of jurisdiction over her habeas petition, *Weeks v. Wyrick*, 638 F.2d 690, 692 (8th Cir. 1981).

25-3248 (8th Cir.)). (Doc. No. 5.) Respondents then incorporate by reference all of the arguments raised in the *Avila* appeal and request denial of the petition. (*Id.*) In this way, Respondents reiterate their argument that the detention of petitioners similarly situated to Francisca G. is mandatory pursuant to 8 U.S.C. § 1225(b). As this Court has previously concluded, however, Respondents' interpretation lacks merit. Furthermore, Respondents do not address whether they have the requisite administrative warrant of arrest to justify detaining Francisca G. Because Respondents continue to rely on an incorrect interpretation of sections 1225 and 1226, and because the portion of the Petition challenging Francisca G.'s warrantless arrest is not directly opposed, the Court grants the Petition in part and orders immediate release.

      A.      **Constitutional Guarantee of Habeas Review**

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates she is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The

3

petitioner bears the burden of proving that her detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

### B.   Interpretation of Section 1225

Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases). This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the

4

noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A).  Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking."  Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention.  To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929).  In this case, Francisca G. has been residing in the United States and is, therefore, not currently "seeking admission" into the United States.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws.  Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, as Respondents urge, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA).  The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes.  *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii).  But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

5

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice of treating noncitizens who resided in the United States, but who had entered without inspection, as being subject to section 1226(a)).

For these reasons, the Court finds that Francisca G.'s detention is governed by section 1226(a), and she is not subject to section 1225(b)'s mandatory detention. Pursuant to section 1226(a), Francisca G. is entitled to a bond hearing. 8 U.S.C. § 1226(a)(1)(2); *see also Belsai D.S.*, 2025 WL 2802947, at *5–6; *Jose Andres R.E.*, 2025 WL 3146312, at *1 n.2. Accordingly, the Court grants the Petition to the extent Francisca G. seeks a bond hearing.

### C. Independent Grounds for Relief

Francisca G. also alleges that Respondents are improperly detaining her without the required administrative warrant to do so. (*See* Pet. ¶¶ 18, 58.) She seeks immediate release. (*Id.* ¶¶ 3, 54, 59.) The Court agrees with other judges in this District who have concluded that an arrest warrant is a prerequisite to detention under section 1226(a). *See Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB), Doc. No. 8 at 3–4 (D. Minn. Jan. 1, 2026). See also 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." (emphasis added)). The Petition alleges that Francisca

6

G.'s arrest was warrantless (Pet. ¶ 18), and Respondents have not presented evidence to the contrary or otherwise responded to this claim. Consequently, the Court grants the Petition and orders Francisca G.'s immediate release. *See Rodriguez-Quiroz v. Lynch*, 835 F.3d 809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal); *see also Estephanny P. v. Bondi*, No. 26-CV-198 (ECT/JFD), Doc. No. 10, at *3 (D. Minn. Jan. 15, 2026) (citing *Doe v. Mayorkas*, No. 22-cv-752 (ECT/DTS), 2022 WL 4450272, at *2 (D. Minn. Sep. 23, 2022) (concluding that failure to respond is an express waiver of those arguments or claims)).[4]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1. Respondents are ORDERED to release Petitioner from custody <u>immediately</u> in Minnesota without conditions, and in any event no later than <u>4:00 p.m. CST on January 28, 2026</u>.

2. Respondents are further ORDERED to return all of Petitioner's property, including driver's license, immigration documents, cell phone, and keys.

3. On or before <u>11:00 a.m. CT on January 29, 2026</u>, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in accordance with all of the terms of this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 27, 2026                                   /s/ *Jeffrey M. Bryan*
                                                         Judge Jeffrey M. Bryan
                                                         United States District Court

---

[4] Given its decision to grant the Petition, the Court need not address the remaining counts in the Petition.